FILED
2020 Jun-23 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DEREK PHILLIPS,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION NO.:** |
| | )  _____ |
| **VIRGINIA TRANSPORTATION** | ) |
| **CORPORATION,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## COMPLAINT

**COMES NOW**, Derek Phillips, the Plaintiff in the above-styled action, by and through his undersigned counsel, and hereby files this Complaint against Virginia Transportation Corporation, and alleges as follows:

## PARTIES

1. Defendant Virginia Transportation Corporation (hereinafter "Defendant") is a foreign corporation doing business in the State of Alabama and was doing business in Talladega County, Alabama at all times pertinent to this Complaint. Defendant is domiciled in Rhode Island, with its principal place of business located at 141 James P. Murphy Industrial Highway, West Warwick, Rhode Island 02893. Defendant is a citizen of Rhode Island.

2. Derek Phillips (hereinafter "Plaintiff") is over the age of 19 and is domiciled in Talladega County, Alabama. Plaintiff is a citizen of Alabama.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1332(a) because the Plaintiff is domiciled in the State of Alabama and a citizen of the State of Alabama, the Defendant is domiciled in the State of Rhode Island and is a citizen of the State of Rhode Island, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(e), in that a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Alabama.

## FACTUAL BACKGROUND

5. The Plaintiff began working for Defendant on or around April 19, 2017.

6. The Plaintiff's position was a "shuttle driver" on what was called the "Talladega Road Train".

7. His trucking routes consisted of three trips a day, each no more than twenty miles long.

8. In September of 2019, the Plaintiff tore his rotator cuff in his left shoulder while working for the Defendant.

9. Plaintiff reported the injury to his employer, the Defendant, and made a claim for workers compensation benefits from the Defendant.

10. On October 14, 2019, the Plaintiff had surgery to repair his torn left rotator cuff.

11. The Plaintiff was cleared by his workers compensation doctors to return to work in full on January 6, 2020.

12. On January 6, 2020, the Plaintiff contacted his supervisor, Mike Renfrow, to inform him that he was willing and able to return to work.

13. Renfrow instructed the Plaintiff to contact the Defendant's Human Resources office for further instruction.

14. The Plaintiff contacted Brianna Beausoleil who informed him that his position as a shuttle driver was no longer available as they had filled the position in his absence.

15. The Defendant refused to allow the Plaintiff to return to work in the same or a similar role.

16. The Defendant offered the Plaintiff another position with the company, however the position required the Plaintiff to travel for twelve days straight and return home for one day.

17. The new position the Defendant offered Plaintiff was not comparable or similar to the role Plaintiff previously held with the Defendant.

18. The Defendant forced the Plaintiff to take a job that he could not physically complete, or the Plaintiff would be terminated.

19. This action by the Defendant amounted to a constructive termination and a retaliatory discharge.

20. The Defendant has constructively terminated other employees similarly situated to the Plaintiff by filling their position and offering them a position that was unreasonable and impossible to fulfill.

21. The Defendant constructively terminated the Plaintiff for the sole reason that the Plaintiff instituted and maintained a claim with against the Defendant to receive worker's compensation benefits.

22. As a result of the Defendants Retaliatory Discharge, the Plaintiff was unemployed for two weeks and was forced to accept a position at another trucking company making half of what he was making prior to his termination.

## CAUSES OF ACTION
## COUNT I
## RETALIATORY DISCHARGE

23. Plaintiff incorporates by reference paragraphs 5-22 as if fully stated herein and as material to this allegation

24. The Plaintiff became an employee of the Defendant on April 19, 2017.

25. The Plaintiff was an employee of the Defendant when he sustained his shoulder injury in or around September of 2019.

26. After the Plaintiff sustained his shoulder injury while working for the Defendant, he brought a claim for worker's compensation benefits against the Defendant.

27. On January 6, 2020, the Defendant refused to allow the Plaintiff to return to his job, or to a similarly situated job, after the Plaintiff presented documents showing he was able to return to his old job.

28. The Defendant offered an alternative position to the Plaintiff that was unreasonable and unrealistic for the Plaintiff to hold.

29. On or about January 6, 2020, the Defendant discharged the Plaintiff in retaliation for the Plaintiff's rights under the Workers Compensation Act of Alabama, Ala. Code § 25-5-1 (1975), et seq.

30. This termination by the Defendant is in violation of § 25-5-11.1, Ala. Code (1975).

31. As a proximate result of this retaliatory discharge, the Plaintiff has been caused to suffer damage.

## RELIEF DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, as the proximate cause of the foregoing wrongful acts and willful violations of the law, Plaintiff seeks an award of the following relief:

    A.    Compensatory damages and punitive damages in a sum as the trier of fact shall award based upon the wrongdoings alleged in this complaint;

    B.    Award attorney fees, costs, and expenses incurred in connection with the litigation of this matter; and

    C.    Any such further, different or additional relief to which Plaintiffs may be entitled to in the premises.

RESPECTFULLY SUBMITTED,

*/s/ Evan D. Pantazis*
D. G. Pantazis, Jr.
Evan D. Pantazis

*Counsel for Plaintiff*

**OF COUNSEL**:
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone:  (205) 314-0538
Email: dgpjr@wigginschilds.com
       edp@wigginschilds.com

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues in this cause.

*/s/ Evan D. Pantazis*
Of Counsel

**SERVE DEFENDANT BY CERTIFIED MAIL AT**:
Virginia Transportation Corporation
141 James P. Murphy Industrial Highway
West Warwick, Rhode Island 02893